## BARR v. INTERNATIONAL MERCANTILE MARINE CO.

District Court, E. D. New York. January 24, 1928.

No. A-4698.

Shipping ☞132(5)—Evidence held not to show negligence rendering carrier liable for damage to cargo from cause excepted in bill of lading.

Evidence *held* not to show negligence which rendered carrier liable for damage to cargo from cause excepted in bill of lading, under the facts stipulated.

In Admiralty. Suit by Harry K. Barr against the International Mercantile Marine Company. Decree for respondent.

Victor Willard Cutting, of New York City, for libelant.

Burlingham, Veeder, Masten & Fearey, of New York City (Ray Rood Allen and Eugene Underwood, Jr., both of New York City, of counsel), for respondent.

CAMPBELL, District Judge. This case was tried on stipulation, except that under a reservation therein expert testimony was given in court.

Articles 4, 5, and 6 of the stipulation read as follows:

"(4) When the voyage commenced, and when the New York sailed, said vessel, her appurtenances and equipment, including her refrigerating plant, were in all respects seaworthy, and she was properly manned, equipped, and supplied, except as the contrary may appear (which respondent denies) from the facts herein stipulated or the testimony offered by libelant as provided in article 7 hereof.

"(5) Said damage was caused by decay which resulted solely by reason of too high temperatures in the refrigerator box, due in turn solely to breakage and failure of the refrigerating machinery. Said breakage and failure were caused by the fact that the carbon dioxide gas used in the operation of the refrigerating plant was found when used on the voyage to be defective in that it contained excess moisture. Said gas had been

supplied to the vessel by respondent purchasing it from reputable dealers of that commodity, and when said cargo was loaded and when the voyage began, respondent had exercised due diligence to make the vessel seaworthy in respect of her supply of carbon dioxide gas. The contents of the containers were 49 pounds, of which 3½ ounces (plus what adhered to the inside of the container in the laboratory test made at the end of the voyage) was water. The carbon dioxide gas was purchased in the usual containers and for the use to which it was put.

"(6) Said breakage consisted of the breaking of the port compressor rod neck bush, scoring of the valve seats and compression chamber, and choking of the strainers, and other breakage and failure resulting therefrom."

From the expert testimony offered on the trial it appears that there is always some moisture in the carbon dioxide gas, because there is moisture in air, and air will get into the containers.

It also appears that inverting a flask and blowing off the water before using is a preventative customarily employed, but that you cannot eliminate all the moisture by that method, and libelant's own witness, Lange, admitted that what happened could and does happen without fault.

The stipulation of facts states:

"Said breakage and failure were caused by the fact that the carbon dioxide gas used in the operation of the refrigerating plant was found, when used on the voyage, to be defective, in that it contained excess moisture."

There is no proof, nor is it stipulated that the bottles were not blown before using, nor can I find on the expert testimony in this case that the happening of the accident proves that the flasks were not inverted or blown, nor that, if they were inverted and blown, the accident would not have happened.

But a small quantity of moisture is withdrawn in actual practice by inverting the bottle when the gas is normal, and it does not follow that a proportionately larger quantity will be withdrawn when the gas is defective.

The gas is stipulated to have been defective, and libelant cannot now claim that it was normal.

The libelant having stipulated that the breakage and failure were caused by the fact that the gas was found when used to be defective, in that it contained excess moisture, it cannot now claim that the breakage and failure resulted from any other cause, except that it reserved the right to show that it was negligence and want of care, skill, and diligence to put into the said refrigerating machinery, and to use therein, the aforesaid gas containing said excess moisture, and that said excess moisture should not have been permitted to cause said breakdown.

Neither one of these exceptions has been proved to my satisfaction.

The damage suffered by the assignor of libelant came under an exception of the bill of lading, and therefore the burden rests upon the libelant to prove negligence on the part of the respondent. This it seems to me he has failed to do.

A decree may be entered dismissing the libel, with costs.